JAMES CAMERON, PLAINTIFF IN ERROR, v. THE SANDWICH MANUFACTURING CO., DEFENDANT IN ERROR.

1. **Stay of Execution:** UNDERTAKING FOR. To operate as a strictly statutory stay of execution, the undertaking must be given within the time limited by law. But a stay may be effected afterwards by agreement between the parties upon a sufficient consideration.

2. ——: ——. If by agreement the undertaking is given afterwards, and the stay is thereby obtained, the defendant having received the benefits of the contract will not be permitted to repudiate the obligation thereby assumed.

ERROR from the district court of Richardson county. It was an action against Cameron upon a bond for stay of execution on a judgment rendered in the probate court. Judgment was rendered against him in the court below, WEAVER, J., presiding, to 'reverse which he brought the cause here by petition in error.

*Isham Reavis and A. R. Scott,* for plaintiff in error.

At common law there was no such thing as stay of execution by bond or undertaking. This is an invention of modern legislation, and is the creature of the statute. To be of any validity, therefore, it must be taken by a court or officer, having lawful authority to do so, in a proper case, and within the time fixed by the statute. Indeed, it may be regarded as settled law everywhere, that when a bond is taken by an officer or court acting simply under statutory power, the instrument must not only be authorized by the statute but it must appear that it was taken exactly or substantially in accordance with the statutory power. *Byers v. The State, ex rel. Hutchison,* 20 Ind., 47. *Meyers v. The State,* 19 Ind., 127. *Macey v. Titcomb,* 19 Ind., 135. *Butler*

*v. Wadley*, 15 Ind., 502.   *Skelton v. Bliss*, 7 Ind., 77.
*Ellis v. The State*, 2 Ind., 262.   *Marshall v. The State*,
8 Blackf., 162.   *The State v. Lynch*, 6 Blackf., 396.
*Silver v. The Governor*, 4 Blackf., 15.   *Parker v. Henderson*, 1 Ind., 62.   *Benedict v. Bray*, 2 Cal., 251.   *Olds v. The State*, 6 Blackf., 91.

*Frank Martin*, for defendant in error. .

This is a good stay bond under the statute, because it complies with the requirements of the statute in every particular except in the time at which it was given. The statute secures the defendant the right to take the stay within the twenty days, and there are no words to negative the right of the parties to extend the time if they all agree to it.   The extending of the time beyond the twenty days is a matter of grace on the part of the judgment creditor; and for him to waive any of his rights does not prejudice the defendant in execution, nor his security.   The time mentioned in the statute is merely directory, and may be disregarded.   Sedgwick on Statutory and Constitutional Law, 86–88, and 351. *People v. Holley*, 12 Wend., 481.   *People v. Schermerhorn*, 19 Barb., 540.   *People v. Allen*, 6 Wend., 487–488. *Jackson v. Young*, 5 Cow., 269.   A party may always waive a statutory right the same as any other.   *Ives v. Finch*, 22 Conn., 101.   *Tombs v. Rochester*, 18 Barb., 583.   *Buel v. Trustees, etc.*, 3 N. Y., 199.   *Duckwall v. Rogers*, 15 Ohio State, 544.

The defendant recalled his execution and extended the time of payment, and stayed the execution for a year from the date of the judgment.   And in consideration therefor the plaintiff in error " undertook and promised," in writing, to pay the debt.   A waiving of any legal right at the request of another is a sufficient consideration for a promise.   1 Parsons on Contracts, 365.

LAKE, CH. J.

The only question in this case is whether the petition states a good cause of action.

The instrument on which the action was brought is an undertaking, in the usual form, for staying executions in probate courts; and, except as to the time within which it was executed and approved, conformed strictly to the requirements of the statute. Undoubtedly, in order to operate as a statutory stay, the undertaking must be executed within the time fixed by law. And, without the consent of the plaintiff, the court has no authority to accept an undertaking tendered after that time. But that is not this case. Here it appears that the defendant in the court below, in consideration of the recall of the execution then in the hands of the sheriff for service, and the allowance of a stay " for one year from the date of said judgment,   *   *   *   *   then and there undertook and promised in writing to pay the said judgment, interest, and costs, and accruing costs."

It further appears that, in pursuance of this agreement, the execution was recalled and a stay actually had for the whole of the stipulated time. This was a sufficient consideration for the promise made by Cameron. Chitty on Contracts, 32–37, and notes. 1 Parsons on Contracts, 365. And, having received the benefits of the contract, he cannot now be permitted to repudiate the obligation which he thereby assumed. There is no principle of law behind which such a breach of good faith can find protection. If an authority were needed to support so plain a proposition, it is to be found in *Duckwall v. Rogers*, 15 Ohio State, 544, which is precisely to the point.

There is no error in this record, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.